[Civ. No. 22911. Fourth Dist., Div. One. May 1, 1981.]

LEONA ANDERSON, Plaintiff and Respondent, v.
CITY OF LA MESA, Defendant and Appellant.

658

COUNSEL

Knutson, Tobin, Meyer & Shannon and John S. Meyer for Defendant and Appellant.

Thomas D. Parker for Plaintiff and Respondent.

OPINION

**BROWN (Gerald), P. J.**—The City of La Mesa (City) appeals a judgment granting Leona Anderson's petition for a peremptory writ of mandate.

The City issued Anderson a building permit under the City's standard zoning ordinances requiring single family dwellings be set back at least five feet from the side lot lines. As allowed under the permit, one wall of Anderson's house was built about seven feet from the side lot line. During construction the City inspected the house six times. Upon completing the house Anderson applied for final inspection, but the City claimed a specific plan ordinance required her house be set back at least 10 feet from the side lot lines. The City did not grant Anderson a variance and would not issue her a permanent occupancy permit unless she removed the portion of her house within 10 feet of the side lot line.

Anderson petitioned the superior court for a writ of mandate. The court found Anderson had a vested right in having her home remain

where built because she relied in good faith on the building permit the City issued. The court found no substantial evidence a variance for Anderson's seven-foot setback would harm anyone, while remodeling the house would cost Anderson more than $6,000. Finding the City abused its discretion, the court ordered the City to issue Anderson a variance and an occupancy permit. The City appeals the judgment.

■ The City unmeritoriously contends the court improperly granted relief because Anderson did not submit to the court the full record of the administrative hearing before the city council or other evidence sufficient to support the court's decision. Both parties attached to their pleadings portions of the administrative record as permitted by Code of Civil Procedure section 1094.5, subdivision (a). The City's answer admitted most of the significant facts. The court had adequate evidence before it to rule on Anderson's petition.

The City contends the court erred in exercising its independent judgment upon the evidence because denying a zoning variance did not affect any fundamental right vested in Anderson. ■ The court must exercise its independent judgment where an administrative decision substantially affects a fundamental vested right (*Strumsky v. San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 32 [112 Cal.Rptr. 805, 520 P.2d 29]). ■ Where "a property owner has performed substantial work and incurred substantial liabilities in good faith reliance upon a permit issued by the government, he acquires a vested right to complete construction in accordance with the terms of the permit." (*Avco Community Developers, Inc. v. South Coast Regional Com.* (1976) 17 Cal.3d 785, 791 [132 Cal.Rptr. 386, 553 P.2d 546].) ■ Here the City first claimed Anderson's house violated the specific plan ordinance after she had completed her house in good faith reliance upon the building permit the City issued. Once she built the house, her right was vested. The court properly exercised its independent judgment.

■ The City contends the court erred in applying estoppel against the City because Anderson neither pleaded nor proved estoppel. Where facts themselves constituting estoppel appear in the pleadings, estoppel is adequately pleaded (*N.C. Roberts Co. v. Topaz Transformer Products, Inc.* (1966) 239 Cal.App.2d 801, 821 [49 Cal.Rptr. 209]). Here Anderson pleaded the City issued a building permit under the general zoning ordinances requiring only a five-foot setback. She attached a copy of the permit to her petition. Anderson also alleged the City refused to "consider the action of its agents in establishing the violation of

which Respondent [the City] now complains." The issue of estoppel was properly before the court.

■ The City contends as a matter of law it cannot be estopped to deny a building permit issued in violation of a zoning ordinance. A government entity may be estopped, however, where, as here, "the injustice which would result from a failure to uphold an estoppel is of sufficient dimension to justify any effect upon public interest or policy which would result from the raising of an estoppel." (*City of Long Beach* v. *Mansell* (1970) 3 Cal.3d 462, 496-497 [91 Cal.Rptr. 23, 476 P.2d 423].) Anderson built her house according to the permit the City issued and did not violate the City's standard zoning ordinances. Denying the variance would substantially harm Anderson, costing her more than $6,000. The court specifically found Anderson's seven-foot setback created no "special problem for the area or adjacent landowners." Moreover, the court found no evidence granting Anderson a variance would "create any hardship on any other persons." These findings, coupled with the nature of the zoning violation involved here, a two-and-one-half-foot setback encroachment, serve to distinguish this case from holdings that estoppel may not be used to justify nonconforming uses, based upon building permits issued in violation of existing zoning ordinances. (See, e.g., *Magruder* v. *City of Redwood* (1928) 203 Cal. 665, 673-674 [265 P. 806]; *In re Application of Ruppe* (1927) 80 Cal.App. 629, 637 [252 P. 746]; *Chaplis* v. *County of Monterey* (1979) 97 Cal. App.3d 249, 258-260 [158 Cal.Rptr. 395]; *Pettit* v. *City of Fresno* (1973) 34 Cal.App.3d 813, 819-823 [110 Cal.Rptr. 262]; *Millbrae Assn. for Residential Survival* v. *City of Millbrae* (1968) 262 Cal. App.2d 222, 246 [69 Cal.Rptr. 251]; *Markey* v. *Danville Warehouse & Lbr., Inc.* (1953) 119 Cal.App.2d 1, 6-7 [259 P.2d 19].) In the circumstances of this case, the court could properly apply estoppel against the City.

The judgment is affirmed.

Wiener, J., and Langford, J.,* concurred.

On May 21, 1981, the opinion was modified to read as printed above.

---

*Assigned by the Chairperson of the Judicial Council.